```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ALFONZO B. SALLEY,              )
                                )
          Plaintiff             )
                                )
     vs.                        )
                                )  Civil Action No. 06-538
JEFFREY BEARD, et al.,          )  Judge Gary L. Lancaster/
                                )  Magistrate Judge Amy Reynolds Hay
          Defendants            )
```

REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that the complaint in the above-captioned case be dismissed for failure to prosecute.

II.  Report

The plaintiff, Alfonzo Salley, has presented a civil rights complaint naming 61 defendants, complaining of many separate and distinct incidents that allegedly occurred over the course of roughly nine years from 1997 to 2006 and allegedly took place in four or five[1] different prisons.  Plaintiff also moved to proceed *in forma pauperis*.  Because plaintiff's motion to proceed *in forma pauperis* was deficient for failure to include the required certificate of an authorized prison official as to the amount of money and securities on deposit in plaintiff's prison fund, together with a certified copy of his prison trust

---

[1] The proposed complaint is not entirely clear on the number of prisons.

fund account for the preceding six months, this Court issued an Order instructing plaintiff how to remedy the deficiencies and granting him until June 23, 2006 to correct the deficiencies. To date, plaintiff has not complied with the Order.

As well, this Court issued an Order directing plaintiff to file an amended complaint that conforms to the requirements of Fed.R.Civ.P. 20. The Order noted that the separate and distinct events and claims contained in the proposed complaint, spanning roughly nine years and several prison facilities, do not "aris[e] out of the same transaction, occurrence or series of transactions or occurrences" and do not present some common question of law or fact with respect to all the parties in the action, as required by Rule 20. The Order provided until June 25, 2006, for filing an amended complaint that would comply with the Federal Rules. Plaintiff was advised that failure to comply may result in the dismissal of the suit for failure to prosecute and/or failure to comply with the Court's orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. <u>Mindek v. Rigatti</u>, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in <u>Poulis v. State Farm Fire and</u>

Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

    (4)    Whether the conduct of the party or the attorney was willful or in bad faith.

    (5)    The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

    (6)    The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to plaintiff's failure to comply with this Court's Orders. Compliance with the Orders was plaintiff's personal responsibility and his continuing failure to do so appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- because the complaint has not been filed and served there appears to be no specific prejudice to defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against plaintiff, although it appears that defendants may have meritorious defenses. Nevertheless, "[n]ot all of these

factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff filed this action seeking to proceed *in forma pauperis*, it does not appear that monetary sanctions are appropriate.  Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated: 24 July, 2006

cc:   Hon. Gary L. Lancaster
      United States District Judge

      Alfonzo B. Salley
      CC-6796
      SCI Greene
      175 Progress Drive
      Waynesburg, PA 15370