IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALFONZO B. SALLEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No. 06-538 |
| JEFFREY BEARD, et al., | ) Judge Gary L. Lancaster/ |
| | ) Magistrate Judge Amy |
| Defendants | ) Reynolds Hay |

**MEMORANDUM ORDER**

Alfonzo B. Salley ("Plaintiff") is a state prisoner who has
filed a civil rights complaint, naming sixty-one separate
defendants, complaining about many separate and distinct events,
occurring from 1997 to 2006 and taking place in at least four
different State prisons. Because such misjoinder of parties
violates the requirements of Fed.R.Civ.P. 20, the Court issued an
order on May 26, 2006, Doc. 3, directing Plaintiff to rectify
these failings, explaining in detail the deficiencies and giving
him until June 25, 2000 to comply with the order. The Court
explicitly warned Plaintiff that failure to abide by the
directive could result in the dismissal of the suit for failure
to prosecute and/or failure to obey a court order.

In addition, on May 26, 2006, the court issued another order
directing Plaintiff to rectify deficiencies in his motion
requesting leave to proceed in forma pauperis. Doc. 2. The Court
directed him to rectify those deficiencies by June 23, 2006.
Plaintiff did not rectify the deficiencies in his IFP motion nor

did he request an extension of time in which to do so. Hence, on July 24, 2006, the court issued a report and recommendation, recommending that the case be dismissed for failure to prosecute and advised Plaintiff he could file objections to the report within ten days. Doc. 4. The report was served upon Plaintiff at his prison via first class mail. No objections being filed, the District Court judge adopted the report and recommendation on August 18, 2006 and entered an order dismissing the complaint for failure to prosecute.

Nearly one month later, on September 13, 2006, Plaintiff filed a motion for extension of time for 90 days in which to file a response, claiming that he never received the court's order directing him to file a corrected in forma pauperis application or the order directing him to file an amended complaint. Doc. 6. In addition, on that very same date, Plaintiff filed a five page motion for appointment of counsel, citing caselaw and arguing for the appointment of counsel. Doc. 7. In that same motion, he claims that defendants have been destroying his legal papers, interfering with his legal mail and denying him access to the courts and denying him access to the law library, all of which is seemingly contradicted by his ability to have filed in this case, a 15 page complaint, Doc. 1, Attachment 1, a 31 page motion for preliminary injunction, accompanied by a 14 page memorandum of law in support, replete with citations to legal authority and

2

legal argument, id., Attachment 2, and his ability to have
litigated this case up to this point. In fact, while
simultaneously litigating the current case from April 24, 2006,
Plaintiff was also litigating pro se an appeal in Salley v. Pa.
Dep't of Corrections, No. 03-2942 (3d Cir.), having filed therein
after filing this case, a motion for extension of time in which
to file a petition for rehearing, an unsworn declaration, and a
petition for panel rehearing which was in excess of 50 pages.  In
addition, it is noted that Plaintiff had appointed counsel in
that case, yet Plaintiff affirmatively chose to proceed pro se.
See id. (Order dated 8/29/03 granting Salley leave to proceed pro
se).

        In addition to the many filings both in this court and in
the Appeals Court just recounted, Plaintiff filed on September
14, 2006, a belated appeal, Doc. 8, from the Magistrate Judge's
earlier report, Doc. 4, recommending dismissal of the case for
failure to prosecute.  In that same document, Plaintiff
contended that he could "not comply with the court order to file
an amended complaint spanning 9 years and [illegible, either 1 or
7] months at SCI Huntingdon, SCI Greene, SCI Camp Hill, SCI
Pittsburgh, SCI Fayette, SCI Greene, SCI Forest, [because the
complaint] does arise out of the same ongoing transaction,
occurrence or series of transactions, and does present some
common question of law and fact with respect to all the parties

3

in this action and the courts refusing for 9 years and [either 1 or 7] months to protect my constitutional rights." Doc. 8-1 at 3, ¶ 8. Plaintiff also filed an updated IFP motion that, for the most part, corrected the deficiencies noted previously. Doc. 9.

On November 13, 2006, Plaintiff filed another motion for extension of time. Doc. 10. The District Court entered an order on November 15, 2006, Doc. 11, treating Plaintiff's appeal, Doc. 8, of the magistrate judge decision that had recommended dismissal for failure to prosecute, as a motion for relief from the District Court's judgment, Doc. 5, which had adopted the report and, as so construed, granted the motion for relief from judgment. That order also granted Plaintiff's motions for extension of time, Doc. 6 in which to comply with the magistrate judge's orders that required Plaintiff to rectify the deficiencies in his IFP application and to file an amended complaint that complied with Fed.R.Civ.P. 20 concerning proper joinder. The District Court's order stated that "Plaintiff shall fully comply and completely remedy the deficiencies referenced in Judge Hay's orders of May 26, 2006, as well as file any objections to report and recommendation, on or before **December 22, 2006**. Failure to do so, will result in the report of July 24, 2006, being re-adopted." Doc. 11 at 1. Thereafter, on December 13, 2006, Plaintiff's updated motion (Doc. 9) for IFP was granted. Doc. 12. Accordingly, his original complaint

which violated Fed.R.Civ.P. 20, was filed at Doc. 13, as was his motion for preliminary injunction, Doc. 14, that accompanied the original complaint, as was his motion for appointment of counsel. Doc. 15. On January 8, 2007, the Magistrate Judge denied the motion for preliminary objection as being duplicative of the complaint, Doc. 16, and dismissed the motion for appointment of counsel without prejudice. Doc. 17. These orders were sent to Plaintiff at the address listed on the Docket, i.e., SCI-Greene.

Thereafter Plaintiff filed a "Petition For Extension of Time" Doc. 19. In that petition he claimed that the Defendants would not permit him to respond to the Magistrate Judge's orders filed at Doc. Nos. 16 & 17.

However, it is unnecessary for the court to rule on this petition because this Court gave Plaintiff until December 22, 2006 in which to rectify the fact that the complaint violated Fed.R.Civ.P. 20 regarding improper joinder of many parties and many claims. It is apparent that Plaintiff intends to not do so given that in Doc. 8-1, he contends that the complaint is not violative of Fed.R.Civ.P. 20. In the order which re-opened this case, Doc. 11, filed on November 15, 2006 and sent to Plaintiff via first class mail, this court gave Plaintiff until December 22, 2006, to rectify the deficiencies as noted by Magistrate Judge Hay in both his IFP motion and in the complaint, which violated Fed.R.Civ.p. 20. Magistrate Judge Hay informed

Plaintiff way back in May 2006 that his complaint violated Rule
20 and gave him until June 25, 2006 to file an amended complaint.
This court then gave Plaintiff notice in November 2006 that he
had until December 22, 2006 to rectify this violation of
Fed.R.Civ.P. 20.  Plaintiff has persistently and intentionally
failed to do so, apparently contending that his complaint does
not violate Rule 20.  Accordingly, this court enters the
following order.

**AND NOW** this 9th day of March 2007, the Court Orders that the
complaint be **DISMISSED** for failure to obey court orders and
adopts the reasoning of the Report and Recommendation, Doc. 4,
with respect to the failure of the Plaintiff to obey court orders
and that such failure merits dismissal given the consideration of
the Poulis factors recounted therein.

Plaintiff's motion for extension of time, Doc. 19 is hereby
DENIED as moot.[1]

Gary L. Lancaster
United States District Judge

---

[1] The court notes that in his motion for extension, Doc. __,
Plaintiff lists his address as SCI-Mahanoy.  This was not the
address listed on the docket.  Plaintiff apparently has been
transferred but has failed to formally notify the court of such a
change of address.  Hence, any difficulties caused by Plaintiff's
failure to keep the court informed of his address rest squarely
on his shoulders.  It is apparent, given that his motion for
extension of time seeks to address Magistrate Judge Hay's orders
filed at Doc. Nos. 16 & 17, although these orders were sent to
SCI-Greene, Plaintiff obviously received them.

6

Dated:

cc:   The Honorable Amy Reynolds Hay
      United States District Judge

      Alfonzo B. Salley
      CC-6796
      SCI Mahanoy
      301 Morea Road
      Frackville, Pa. 17932